Edward **WATRAL**, Plaintiff,

v.

**MURPHY DIESEL COMPANY** and Diesel Injection Sales and Service, Inc.,
Defendants.

No. 72–C–576.

United States District Court,
E. D. Wisconsin.

Feb. 22, 1973.

Foley & Lardner by Maurice J. McSweeney, Milwaukee, Wis., for plaintiff.

Petrie, Stocking, Meixner & Zeisig by Earl L. Meixner, Milwaukee, Wis., for Diesel Injection Sales and Service, Inc.

Steve Enich, Milwaukee, Wis., for Murphy Diesel Co.

·DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Diesel Injection Sales and Service Inc. ("Diesel"), has moved to dismiss the action on the ground that the court lacks jurisdiction over such defendant. I conclude that Diesel's motion

to dismiss should be granted, and therefore, there is no occasion to consider its other pending motions.

In paragraph 3 of the complaint, Diesel is described as a Virginia corporation with its principal office and place of business in Norfolk. The company is described as a dealer and sales agent for the products of the defendant. Murphy Diesel Company ("Murphy"), which has its offices and place of business in Milwaukee.

The complaint avers that Mr. Watral consulted with Diesel concerning the possible purchase by him from Murphy of a certain engine. Paragraphs 6 and 7 of the complaint set forth the preliminary discussions had with Diesel and other companies. Paragraph 8 of the complaint asserts as follows:

"On or about May 31, 1966, defendant MURPHY, by its aforesaid Norfolk, Virginia, dealer and distributor, defendant DIESEL, agreed to sell, and plaintiff agreed to buy, for installation in plaintiff's aforesaid new construction fishing vessel, one Murphy Marine Model 872 M, 333 H.P.M.G. 514 Gear 4.5:1 diesel engine for a total price of $16,525.00, with various adjustments and deductions, on f. o. b. Milwaukee terms with an approximate shipping date of October 15, 1966. A true copy of the signed proposal partially embodying this agreement is annexed hereto as Exhibit A."

An officer of Diesel has submitted an affidavit asserting that Diesel "is not incorporated, licensed to do business, or otherwise doing business in the eastern district of Wisconsin or the state of Wisconsin. . . ."

Mr. Watral urges that "Murphy by defendant Diesel promised plaintiff to deliver the engine at and ship it from Wisconsin." In my opinion, the record does not show sufficient basis to confer jurisdiction over the defendant Diesel. The plaintiff suggests that "it is fairly inferable from the complaint that Diesel,

as Murphy's dealer and distributor in Virginia must have had regular and systematic contacts in Wisconsin." I do not believe any such inference is warranted.

Mr. Watral, a nonresident of Wisconsin, negotiated a contract with Diesel in Virginia and received actual delivery in North Carolina. It does not appear that there has been any significant contact by Diesel with the state of Wisconsin; at most, it was an out-of-state conduit for a transaction between a New York resident and a Wisconsin manufacturer.

The plaintiff also contends that jurisdiction can be found under § 262.05 (5)(c), Wis.Stats. This section provides for long-arm jurisdiction in an action which:

"Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title or other things of value;"

The plaintiff's interpretation of this section would make any out-of-state agent who places an order through a Wisconsin shipper subject to jurisdiction in Wisconsin. The mere shipment of goods from Wisconsin does not, in my opinion, justify imposing upon Diesel the duty to defend in Wisconsin. Nagel v. Crain Cutter Co., 50 Wis.2d 638, 184 N.W.2d 876, 879 (1970).

The plaintiff has failed to persuade the court that there is any valid reason for subjecting Diesel to jurisdiction of a Wisconsin federal court. As the court stated in Nagel, if jurisdiction were to be found under the language of the Wisconsin statute, a "serious due process problem would arise."

Therefore, it is ordered that the motion of the defendant Diesel Injection Sales and Service, Inc. for a dismissal of the complaint as to such defendant for want of jurisdiction be and hereby is granted.