**Dr. D. W. NEWMAN et al., Appellees,**

v.

**Ferrell PRIOR, Appellant.**

**No. 73–1571.**

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1975.

Decided June 17, 1975.

Orville L. Hardman, Parkersburg, W. Va., for appellant.

Michael E. McKenzie, Arlington, Va., for appellees.

Before BUTZNER and WIDENER, Circuit Judges, and CLARKE, District Judge.

BUTZNER, Circuit Judge:

Ferrell Prior appeals from a judgment entered on the verdict of a jury assessing damages against him for the violation of § 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)].[1] The evidence

1. Section 17(a) of the 1933 Act [15 U.S.C. § 77q(a)] provides:

"(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or

established that Prior had misrepresented and failed to disclose material facts in selling oil and gas production interests to eight syndicates of investors. There is no question about the adequacy of the proof or the measure of damages. Prior contends, though, that process was defective, that § 17 creates no private cause of action, that the investors' claims are barred by the statute of limitations, that the suit should not be maintained as a class action, and that members of the class were not properly notified. We affirm but remand the case for correction of a clerical omission in the judgment.

## I

■ Prior alleged that the summons was defective because its caption indicated the parties only by the reference "see complaint." A copy of the complaint, with the names of all parties, was attached to the summons. Contrary to the preliminary pretrial order, Prior neither moved to dismiss for defective process nor sought to have the summons amended. Although the summons did not literally comply with Federal Rules of Civil Procedure 4(b), Prior has not been prejudiced by the defect. Accordingly, the error is harmless. Fed.R. Civ.P. 61; *cf.* United States v. A. H. Fischer Lumber Co., 162 F.2d 872 (4th Cir. 1947). *See generally* 4 Wright and Miller, Federal Practice and Procedure §§ 1088 and 1131 (1969).

## II

■ Although there is authority to the contrary, this circuit is committed to the rule that § 17(a) supports a private damage claim for the fraudulent sale of a security. Johns Hopkins University v. Hutton, 488 F.2d 912 (4th Cir. 1973); *cf.* J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). *See generally* 6 Loss, Securities Regulation 3913 (1969). Therefore, the district court correctly submitted the case to the jury.

■ Prior contends that the period of limitations for actions brought under § 17(a) is governed by § 13 of the 1933 Act [15 U.S.C. § 77m].[2] However, § 13, by its terms, applies only to actions based on §§ 11 and 12(2) of the Act [15 U.S.C. §§ 77k and 77l(2)]. Consequently, federal courts must apply an analogous statute of limitations of the forum state to § 17(a) actions. Sackett v. Beaman, 399 F.2d 884, 890 (9th Cir. 1968); *cf.* United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

Virginia has three limitation periods for causes of action arising out of fraud. Virginia Code § 8–24 provides a five-year statute of limitations for wrongs which survive the death of a party and a one-year period for those that do not. Actions for wrongs, including fraud, which indirectly injure property do not survive, and the one-year limitation applies. Carva Food Corp. v. Dawley, 202 Va. 543, 118 S.E.2d 664 (1961); Vance v. Maytag Sales Corp., 159 Va. 373, 165 S.E.2d 393 (1932). If a fraud directly injures real or personal property, the action survives and the five-year limitation applies. Westover Court Corp. v. Eley, 185 Va. 718, 40 S.E.2d 177 (1946). In *Westover* the court applied the five-year limitation in a suit arising out of the

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

**2.** Section 13 of the Securities Act of 1933 [15 U.S.C. § 77m] provides:

"No action shall be maintained to enforce any liability created under section 77k or 77l

(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence . . . . In no event shall any such action be brought to enforce a liability created under section 77k or 77l(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(2) of this title more than three years after the sale."

fraudulent description of property sold to the plaintiff. This is similar to the situation now before us, and were we limited to relying on § 8–24, we would adopt the five-year limitation.

■ Virginia's blue sky law, however, has a two-year period of limitations for actions arising out of the fraudulent sale of securities. Both the state statute and § 17(a) proscribe the same conduct.[3] In addition, the two-year period is closer to limitations on actions under other sections of the federal securities laws than the Virginia five-year period.[4] We hold, therefore, that federal policy is best served by applying the state blue sky law's two-year statute of limitations to a suit involving the fraudulent sale of securities.[5] *Accord,* Maine v. Leonard, 353 F.Supp. 968 (W.D.Va.1973); *see* Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972); Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970). *See also* United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 705–07, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

■ Even when state law furnishes the period of limitation, federal law controls its commencement. The statute does not begin to run until the fraud is either actually known or should have been discovered by the exercise of due diligence. Vanderboom v. Sexton, 422 F.2d 1233, 1240 (8th Cir. 1970); Maine v. Leonard, 353 F.Supp. 968, 971 (W.D.Va.

1973); *see* Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946). When conflicting inferences can be drawn from the facts, the question of when the fraud should have been discovered must be submitted to the jury. Johns Hopkins University v. Hutton, 422 F.2d 1124, 1131 (4th Cir. 1970). But here the record conclusively establishes that the action is not barred by the two-year statute. The sellers filed the first prospectus for a production interest with the Securities Exchange Commission on January 28, 1970. They filed others pertaining to different wells during the next eight months. The purchasers instituted suit on April 17, 1972. However, there is no evidence that the purchasers discovered, or in the exercise of due diligence should have discovered, the fraud in the interval between January 28 and April 17, 1970. The court, therefore, was not obliged to submit this issue to the jury.

### III

■ Prior did not object to the district court's determination that this suit should proceed as a class action, nor did he protest the court's directions for issuing notice by first class mail at the plaintiffs' expense to members of the class at their last known addresses, as shown on the seller's ledgers. Prior, therefore, cannot complain on appeal

---

**3.** Va.Code Ann. § 13.1–522 provides in part:

"(a) Any person who: (1) Sells a security in violation of § 13.1–502 . . . [s]hall be liable to the person purchasing such security from him . . .

"(d) No suit shall be maintained to enforce any liability created under this section unless brought within two years after the transaction upon which it is based . . .."

Va.Code Ann. § 13.1–502 is identical to § 17(a) of the Securities Act of 1933, with the exception of the jurisdictional language. See note 1, *supra.*

**4.** Congress has not favored long limitations in private civil suits under the securities laws. The civil liabilities in §§ 11 and 12(2) of the Securities Act of 1933 [15 U.S.C. §§ 77k and

771] are limited to one year after the violation should have been discovered, or three years at the utmost. Securities Act of 1933 § 13 [15 U.S.C. § 77m]. See note 2, *supra.* A similar limitation is provided for actions under §§ 9, 18, and 29(b) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78i(e), 78r(c), and 78cc(b)]. Actions under § 16(b) of the 1934 Act [15 U.S.C. § 78p(b)] are limited to two years after the event.

**5.** In Stevens v. Abbott, Proctor & Paine, 288 F.Supp. 836 (E.D.Va.1968), the district court held that the five-year limitation of Va.Code Ann. § 8–24 applied to a suit for churning brought against a broker under the Securities Exchange Act of 1934 § 10(b) [15 U.S.C. § 78j(b)]. The case now before us presents no occasion to review the correctness of that ruling.

about these aspects of the case. *See*
Wilson Clinic and Hospital v. Blue Cross
of South Carolina, 494 F.2d 50, 53 n.4
(4th Cir. 1974).

However, the record in this case
does not clearly identify the members of
the class. While plaintiffs' counsel in-
formally advised the district court that
the required notice had been given, the
court's files contain neither a copy of the
notice nor a certificate that it was sent.
In addition, the judgment does not
"specify or describe those to whom the
notice . . . was directed, and who
have not requested exclusion, and whom
the court finds to be members of the
class," as required by Rule 23(c)(3).
These omissions, we were informed at
oral argument, result from the oversight
of counsel and may be remedied without
difficulty.[6] Although the judgment is
affirmed, we remand the case to the dis-
trict court so that the omissions in the
record may be corrected and the judg-
ment amended. Fed.R.Civ.P. 60(a); *see*
United States v. Stuart, 392 F.2d 60, 62
(3rd Cir. 1968).

**6.** The potential size of the class is not great.
Each of the eight syndicates contained twelve
investors. Since some invested in more than
one well, the class consists of less than ninety-
six persons.