Milton A. REID and Marian T.
Reid, Plaintiffs,

v.

J. Hugo MADISON and Viola M.
Madison, Defendants.

Civ. A. No. 77–392–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Oct. 12, 1977.

Charles W. Best, Jr., Kaufman, Oberndorfer & Spainhour, Norfolk, Va., for plaintiffs.

Beril M. Abraham, Coureas, Abraham & Morrison, Norfolk, Va., and James A. Overton, Portsmouth, Va., for defendants.

## OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on defendants' Motion for Summary Judgment. Plaintiffs' complaint alleges acts by defendants in connection with the offer and sale of securities that constitute violations of § 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q) [hereinafter referred to as "the 1933 Act"], § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) [hereinafter referred to as "the 1934 Act"], and Rule 10b–5 of the Securities and Exchange Commission and common law fraud and deceit.

Defendants base their Motion for Summary Judgment on three grounds: (1) that no private right of action is available under either § 17(a) of the 1933 Act (15 U.S.C. § 77q) or § 10(b) of the 1934 Act (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated thereunder; (2) that relief is only available under § 12(2) of the 1933 Act (15 U.S.C. § 77*l*), but that relief under that section is barred by the statute of limitations contained in § 13 of the 1933 Act (15 U.S.C. § 77m); and (3) that plaintiff, Marian T. Reid, lacks standing to bring this action. The Court will treat the grounds in the order in which they were raised.

Defendants, in their Memorandum in Support of Motion for Summary Judgment, have failed to distinguish, or even to mention, the decision of the Court of Appeals for the Fourth Circuit in *Newman v. Prior*, 518 F.2d 97 (4th Cir. 1975), which this Court determines is controlling on the issue of the availability of a private right of action under § 17(a):

> [T]his circuit is committed to the rule that § 17(a) supports a private damage claim for the fraudulent sale of a security.

*Id.* at 99.

This Court also finds meritless the contention of the defendants that a private right of action does not exist under § 10(b) and Rule 10b–5. "It is now established that a private right of action is implied under § 10(b)." *Superintendent of Insurance of New York v. Bankers Life & Casualty Co.*, 404 U.S. 6, 13 n. 9, 92 S.Ct. 165, 169, 30 L.Ed.2d 128 (1971).

The Court DENIES defendants' Motion for Summary Judgment based on its first ground.

With regard to defendants' contentions concerning the apposite statute of limitations, this Court refers again to *Newman v. Prior, supra*, and to *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The Fourth Circuit in *Newman* stated:

> Prior contends that the period of limitations for actions brought under § 17(a) is governed by § 13 of the 1933 Act [15 U.S.C. § 77m]. However, § 13, by its terms, applies only to actions based on

§§ 11 and 12(2) of the Act [15 U.S.C. §§ 77k and 77*l*(2)]. Consequently, federal courts must apply an analogous statute of limitations of the forum state to § 17(a) actions.

518 F.2d at 99 (footnote omitted). The United States Supreme Court in *Ernst & Ernst, supra,* considered the applicability of the § 13 statute of limitations to an action based on § 10(b) of the 1934 Act and Rule 10b–5 when it stated:

> Since no statute of limitations is provided for civil actions under § 10(b) the law of limitations of the forum state is followed as in other cases of judicially implied remedies. See *Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946) . . . .

425 U.S. at 210 n. 29, 96 S.Ct. at 1389.

This Court determines that *Newman v. Prior, supra,* is controlling regarding the correct statute of limitations and the dicta in *Ernst & Ernst, supra,* is controlling concerning the time of its commencement. The Fourth Circuit has stated:

> Virginia's blue sky law [Va.Code Ann. § 13.1–522] . . . has a two-year period of limitations for actions arising out of the fraudulent sale of securities. . .
> We hold, therefore, that federal policy is best served by applying the state blue sky law's two-year statute of limitations to a suit involving the fraudulent sale of securities.
> Even when state law furnishes the period of limitation, federal law controls its commencement. The statute does not begin to run until the fraud is either actually known or should have been discovered by the exercise of due diligence. When conflicting inferences can be drawn from the facts, the question of when the fraud should have been discovered must be submitted to the jury.

518 F.2d at 100 (statutory citation added; citations omitted). This Court, therefore, determines that the plaintiff is not barred by the statute of limitations in § 13 of the Securities Act of 1933 (15 U.S.C. § 77m) and that the applicable statute of limitations is the two-year limitation contained in Va. Code Ann. § 13.1–522, subject to the federally judicially created proviso that commencement of the statute is tolled until the fraud is actually known or should have been discovered through the exercise of due diligence.

There is a question of fact as to when the alleged fraud was or should have been discovered by the plaintiffs. Since there is a dispute as to a material fact with regard to the commencement of the statute of limitations, summary judgment is inappropriate.

The Court DENIES defendants' Motion for Summary Judgment based on statute of limitations.

 The remaining contention of defendants is that plaintiff, Marian T. Reid, is without standing to bring this action, as she is not a purchaser of the securities whose offer and sale is in dispute. The issue of Marian Reid's standing presents two problems. The initial problem to be faced by the Court is the question of non-purchaser standing under § 17(a) of the 1933 Act.[1] If that issue is resolved in favor of the defendants and standing on the federal claim is denied, partial summary judgment would be granted. The Court would then be forced to face the second problem, the difficult issue of whether Marian Reid's state claim for common law fraud and deceit is a proper case for allowing pendent jurisdiction based on her husband's federal claim and pendent state claim, both of which are properly before this Court. Both the question of non-purchaser standing and the viability of pendent jurisdiction for Marian Reid's state claim present issues unsettled in the Fourth Circuit.

Plaintiff Marian Reid never purchased any of the shares involved in this action. Stock purchased by her husband, plaintiff Milton Reid, was secured by notes on which she was a cooobligor, and because of the

---

1. Plaintiff Marian Reid, properly, does not argue that she has standing under § 10(b) of the Securities Exchange Act of 1934. *Blue Chips* *Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

contested sale of stock, Marian Reid became indebted. The plaintiffs' allegations raise sufficient factual questions as to whether Marian Reid relied on the misinformation provided by or fraud or deceit perpetrated by the defendants in the offer of the contested stock.

There are cases in other districts and circuits, among them the cases cited by defendants in their Memorandum in Support of Motion for Summary Judgment, that have held that only a purchaser is entitled to sue under § 17(a) of the 1933 Act. *Simmons v. Wolfson*, 428 F.2d 455 (6th Cir. 1970), *cert. denied*, 400 U.S. 999, 91 S.Ct. 459, 27 L.Ed.2d 450 (1971); *Greater Iowa Corp. v. McLendon*, 378 F.2d 783 (8th Cir. 1967); *In re Penn Central Securities Litigation*, 357 F.Supp. 869 (D.C.Pa.1973), *aff'd* 494 F.2d 528 (3rd Cir. 1974). However, since these cases cited by defendants, the Supreme Court has implied that a different rule should apply regarding who is entitled to sue under § 17(a) of the 1933 Act.

In *Blue Chips Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the Supreme Court determined that a non-purchaser did not have standing under § 10(b) of the 1934 Act. In accepting the rule of *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (2d Cir.), *cert. denied*, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952), the Court distinguished between the language of § 10(b) of the 1934 Act, which is directed at fraud "in connection with the purchase or sale" of securities, and § 17(a) of the 1933 Act, which is directed at fraud "in the offer or sale of any securities." The Court stated:

> The wording of § 10(b) directed at fraud "in connection with the purchase or sale" of securities stands in contrast with the parallel antifraud provision of the 1933 Act, § 17(a), . . . 15 U.S.C. § 77q, reaching fraud "in the offer or sale" of securities. . . . When Congress wished to provide a remedy to those who neither purchase nor sell securities, it had little trouble in doing so expressly.

421 U.S. 723, 733–34, 95 S.Ct. at 1924 (footnote omitted).

As neither the Fourth Circuit nor the Supreme Court has expressed itself directly on this issue, this Court determines that dicta in *Blue Chips Stamps* opens the door for non-purchaser standing under § 17(a) of the 1933 Act. The Court further determines that whether alleged representations to or withholding of information from Marian Reid constitute fraud in the offer or sale of securities is a factual question to be determined by the trier of fact. Therefore, summary judgment as to Marian Reid is DENIED.

This Court also determines that, notwithstanding the entitlement of Marian Reid to sue defendants under § 17(a), she is properly before the Court as a plaintiff on the pendent state claim of common law fraud and deceit. The Court has considered the factors set forth in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and has determined that it is in the interests of judicial economy, fairness and harmony to consider Marian Reid's claim with the claims of her husband. The claims of Milton Reid are sufficient to establish subject matter jurisdiction in this Court. There is no question that the claims of husband and wife involve not only a "common nucleus of operative facts," but, in almost every respect, the exact same elements of proof. Furthermore, the Court is of the opinion that the claims are so integrally linked that the plaintiffs rightfully desire that all the claims should be considered in one proceeding. The Court recognizes that *Gibbs* involved one plaintiff with multiple claims; however, the Court believes that *Gibbs* stands for the proposition that "there is *power* in federal courts to hear the whole." 383 U.S. at 725, 86 S.Ct. at 1138. The Court also finds instructive an opinion by then Circuit Judge Blackmun in *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8th Cir. 1969), in which a pendent loss of consortium claim of a wife for less than $10,000 was allowed to be litigated in the same proceeding as the husband's personal injury

claim for more than $10,000. Although in that case Judge Blackmun pointed out that the consortium claim was derivative and therefore had no vitality without the personal injury claim, the Court in this case feels that the interrelatedness of the claims and damages of Mr. and Mrs. Reid require the same result. "We conclude that the [Reids'] claims are so intertwined and so interdependent that federal jurisdiction of the primary claim appropriately promotes and supports federal jurisdiction of the other . . . ." 415 F.2d at 816.

The Court, therefore, DENIES the Motion for Summary Judgment.