Milton A. REID, and Marion T. Reid, Plaintiffs,

v.

J. Hugo MADISON, and Viola M. Madison, Defendants.

Civ. A. No. 77–392–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Aug. 10, 1978.

Charles W. Best, Jr., Kaufman & Oberndorfer, Norfolk, Va., for plaintiffs.

Beril M. Abraham, Coureas, Abraham & Morrison, Norfolk, Va., James A. Overton, Portsmouth, Va., for defendants.

## OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court for resolution of the question whether the statute of limitations has run on the Federal statutory claims and on the theory of common law fraud raised in the defendants' Amended Answer.

▇ This Court previously has ruled that the statute of limitations applicable to plaintiffs' claims under § 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q), § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b–5 of the Securities and Exchange Commission is the two-year period of limitations in Virginia's blue sky law (Va.Code § 13.1–522). *Reid v. Madison*, 438 F.Supp. 332, 333–34 (E.D.Va. 1977). This Court also has held that as a matter of federal law the commencement of the statute is tolled until the fraud is actually known or should have been discovered through the exercise of due diligence. *Id.* at 334. The evidence presented thus far has failed to conclusively establish a commencement date triggering the statute of limitations under the federal securities acts and the Court, therefore, rejects at this time the defendants' contention in this regard.

Defendants also contend that plaintiffs' claim based on common law fraud is barred by the statute of limitations found in Va. Code § 19.2–8 (as amended). While neither party has briefed the issue of the proper statute of limitations for plaintiffs' claim of common law fraud, the Court is compelled in light of defendants' contention to consider the matter.[1]

▇ There is no question that the remedies provided by the Federal securities laws are in addition to, rather than in substitution of, any other rights and remedies that may exist at law or in equity, 15 U.S.C. §§ 77p, 78bb,[2] and that plaintiffs' allegation of common law fraud is properly pendent to their federal statutory claims. *Ryan v. Foster & Marshall, Inc.*, 556 F.2d 460 (9th Cir. 1977).[3]

1. Initially, the Court summarily rejects defendants' position that Va.Code § 19.2–8, part of the state's criminal code, is applicable to plaintiffs' civil action.

2. *See* parallel provision in Va.Code § 13.1–522(f).

3. The differences between a cause of action under Federal securities laws and common law fraud also would seem to argue for differing periods of limitations for those separate actions. *See Fox v. Kane-Miller Corp.*, 398 F.Supp. 609, 633–34 (D.Md.1975), *aff'd*, 542

It is elemental that the statute of limitations applicable to state law claims before a Federal court under the doctrine of pendent jurisdiction is the limitations period of the state in which the court sits. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Erie R. R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); 3 Moore's Federal Practice ¶¶ 3.07[1]–[3] (2d ed. 1978). Admittedly, however, there appears to be some question as to the applicable period of limitations for fraud actions in Virginia. Since no specific limitation is prescribed for causes of action based on fraud in Virginia, § 8–24 governs.[4] That statute establishes a limitation period of five years for actions that would survive the death of a party and a period of one year for actions that would not survive a party's death. *Progressive Realty Corp. v. Meador*, 197 Va. 807, 91 S.E.2d 645 (1956). Survival of action in turn, depends upon whether the alleged injury was a direct injury to the person or a direct or indirect injury to plaintiff's property. Only a cause of action for a direct injury to property would survive and thus enjoy the longer five-year period of limitation.

The long-established test of whether an injury is direct set out in *Mumpower v. City of Bristol*, 94 Va. 737, 27 S.E. 581 (1897), is that a direct injury is such that a thing of value of the plaintiff is carried away, causing waste or destruction of, or inflicting damage upon the estate of the plaintiff. The Court is of the opinion that the analysis adopted by the court in *Holdford v. Leonard*, 355 F.Supp. 261 (W.D. Va.1973), is correct in that the plaintiffs'

alleged parting with a thing of value by fraud is a direct injury and thus the five-year period in Va.Code § 8–24 applies.[5] *See Blackwelder v. Millman*, 522 F.2d 766 (4th Cir. 1975); *Arent v. Bray*, 371 F.2d 571 (4th Cir. 1967); *Burton v. Terrell*, 368 F.Supp. 553 (W.D.Va.1973). Dictum in *Newman v. Prior*, 518 F.2d 97, 99–100 (4th Cir. 1975), also supports this conclusion. In *Newman*, the court indicated that in a case for misrepresentation and failure to disclose material facts in the sale of oil and gas production interests the five-year period of § 8–24 would apply had the case not been brought under federal securities laws.[6] Therefore, this Court holds that the period of limitations for plaintiffs' action on the theory of common law fraud is five years.

Having determined that the applicable period is five years, it is not necessary for this Court to determine when the statute began to run. Under any interpretation of the facts, the fraud could not have been committed before April 1, 1974, the date of the sale of the stock. The running of the statute thus could not have occurred until 1979 for there was no taking of any thing of value of the plaintiffs' until that time.

The Court rejects defendants' contentions that the statute of limitations has run on plaintiffs' common law claim.

The docket clerk is directed to reset this case for trial.

---

F.2d 915 (4th Cir. 1976); *Erlich v. Hendrick Constr. Co.*, 217 Va. 108, 225 S.E.2d 665 (1976) (common law fraud must be proved by clear, cogent and convincing evidence).

4. Recently enacted Title 8.01 eliminates any connection between survivability and the applicable statute of limitations. Va.Code § 8.01–248. However, since the changes regarding statutes of limitations made by Title 8.01 apply only to causes of actions accruing on and after October 1, 1977, the former provisions of § 8–24 apply.

5. Plaintiffs' demand for recovery of the full amount they paid for the shares supports this conclusion. *Holdford, supra*, at 264–65. The plaintiffs' alternative demands for relief also are wholly consistent with their theories of recovery under the common law and Federal securities acts.

6. Since, however, the suit in *Newman* was brought under the Federal securities statutes, the court applied the two-year limitations period of Virginia's blue sky law. 518 F.2d at 100.