**Frank A. PRINCIPE et al.**

v.

**McDONALD'S CORPORATION et al.**

Civ. A. No. 78–0606–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 16, 1979.

---

C. Hardaway Marks, Marks, Stokes & Harrison, Hopewell, Va., Harold Brown, Brown, Prifti, Leighton & Cohen, Boston, Mass., Harold L. Ward, Fowler, White, Burnett, Hurley, Banick & Knight, P.A., Miami, Fla., for plaintiffs.

Ray V. Hartwell, III, Hunton & Williams, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

### I

Defendants, pursuant to Fed.R.Civ.P. 56(b), have moved for summary judgment in regard to Counts V and VI of plaintiffs' complaint. Plaintiffs have replied, defendants have rebutted and the matter is now ripe for adjudication.

Count V alleges that "[d]efendants' failure to file the proper prospectus is unlawful under the federal securities laws." In Paragraph 3 of the complaint plaintiffs identify the securities laws referred to as "the securities laws of the United States including but not limited to Section[s] 10(b) and 27 of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j and 78aa); rule 10b–5 of the Securities & Exchange Commission, and Section 5 of the Securities Act of 1933 (15 U.S.C. §§ 77e, 771 *et seq.*)"

Count VI alleges that "[d]efendants' obtaining long-term loans without filing a prospectus is unlawful under the Virginia Securities Act." Va.Code § 13.1–501 *et seq.* (1978 Repl.).

[1] The offers and sales in question here occurred on 21 May 1970 in regard to one franchise and 23 December 1974 in regard to the other franchise. The applicable fed-

eral statute of limitations, 15 U.S.C. § 77m, bars any bringing of an action under 15 U.S.C. § 77k and (*l*) more than three years after sale or offering. Va.Code § 13.1–522 (1978 Repl.) specifies a two year statute of limitations for securities law violations. Thus, whether the State or federal statutes of limitation apply to these transactions, the claims in Count V and VI are barred because the most recent occurred over three years ago. This is in keeping with the view that Congress has not favored long limitations in private civil suits under the securities laws. *Newman v. Prior*, 518 F.2d 97, 100 n. 4 (4th Cir. 1975).

■ Even if the United States and Virginia statutes of limitation did not bar plaintiffs' claims under Counts V and VI, the "notes" in question are not "securities" under either State or federal law. It is undisputed that the "notes"

(a) are not negotiable,

(b) cannot be pledged or hypothecated,

(c) confer no voting rights,

(d) cannot appreciate in value either from development or participation, and

(e) neither pay nor accrue interest or dividends. It is also undisputed that the plaintiffs were not gaining profit from these notes solely from the work of others.

The facts noted above appear clearly from the franchise contract and although plaintiff had the responsibility to contest or in some way refute their accuracy, or at least state why it could not do so under oath, it did neither. Fed.R.Civ.P. 56(e) and (f).

*S.E.C. v. W. J. Howey Co.*, 328 U.S. 293, 301, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), as interpreted by *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 848, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975), tells the Court that it must find the notes in question not to be "securities." In effect, the notes were mere deposits against loss, legally indistinguishable from the room deposit which a tenant pays the landlady of a rooming house. Thus, based on the above uncontroverted facts, the Court finds that the notes are not "securities" and for this additional reason the defendants' motion for summary judgment on Counts V and VI of the complaint must be granted.

## II

■ Defendants have moved for summary judgment, pursuant to Fed.R.Civ.P. 56, in regard to Count VII of the plaintiffs' complaint. Plaintiffs have replied to the motion, defendants have rebutted and the matter is now ripe for adjudication.

Count VII alleges that the defendants failed to file a prospectus and deliver a copy of it to plaintiffs as allegedly required by the Virginia Retail Franchising Act, Va. Code § 13.1–557 *et seq.* (1978 Repl.), and that defendants failed to make other disclosures required by the Act.

There is no dispute that defendants failed to file a prospectus and give a copy of it to the plaintiffs. At the most recent, this failure occurred when plaintiffs obtained their second franchise from McDonald's in 1974. In 1974 no such requirement existed in the Virginia Retail Franchising Act. Va. Code § 13.1–563(e) (1978 Repl.) requiring disclosure of documents, and that part of Va.Code § 13.1–565(c) (1978 Repl.) requiring disclosure of documents, were not added until 1978. Thus there can be no cause of action against defendants under the Act for failure to file a prospectus and deliver a copy of it to plaintiffs.

■ Whether or not a particular act of disclosure or nondisclosure by the defendants would give plaintiffs a cause of action, plaintiffs are bound by Va.Code § 13.1–571 (1978 Repl.) prescribing the conditions under which they may seek civil remedies under the Act. Plaintiffs must either seek to void their franchise under Va.Code § 13.1–565 (1978 Repl.) or they must show damages pursuant to Va.Code § 13.1–564 (1978 Repl.). This section prohibits cancellation of a franchise without reasonable cause and the use of undue influence on a franchisee for the purpose of coercing him to surrender rights given to him by a franchise.

Plaintiffs are not seeking to void their franchises and thus they cannot seek a civil remedy pursuant to Va.Code § 13.1–565

(1978 Repl.). As Count VII is directed towards failure to disclose and not cancellation of a franchise or the surrendering of rights given by a franchise agreement, Va. Code § 13.1–564 (1978 Repl.) does not give plaintiff a cause of action in relation to Count VII.

Since Va.Code § 13.1–571 (1978 Repl.) requires that plaintiffs proceed under either Va.Code § 13.1–565 (1978 Repl.) or Va.Code § 13.1–564 (1978 Repl.) and as neither provide plaintiffs any relief from the allegations in Count VII, summary judgment must be granted to defendants on Count VII of the complaint.

It should be noted that Va.Code § 13.1–571(d) (1978 Repl.) in no way provides an additional remedy to plaintiffs under the Virginia Retail Franchising Act. It merely saves to plaintiffs any other remedies they may have at common law or in equity.

### III

■ Defendants have moved, pursuant to Fed.R.Civ.P. 56, for summary judgment in regard to Count XIII of the plaintiffs' complaint. This count alleges a failure on the part of the defendants to deal in good faith as allegedly required by the Virginia Retail Franchising Act, Va.Code § 13.1–557 *et seq.* (1978 Repl.). The matter having been fully briefed, it is ready for adjudication by the Court.

It is not necessary for the Court to decide whether or not Va.Code § 13.1–558 (1978 Repl.), establishing that it is the policy of the Commonwealth that franchisers deal fairly with their franchisees, gives to plaintiffs a cause of action for failure on the part of the defendants to deal with the plaintiffs in good faith. This is because, as noted above, Va.Code § 13.1–571 (1978 Repl.) requires plaintiffs to proceed either under Va.Code § 13.1–565 (1978 Repl.) or Va.Code § 13.1–564 (1978 Repl.). And plaintiffs cannot proceed under either section.

As plaintiffs do not wish to void their franchise, they cannot proceed under Va. Code § 13.1–565 (1978 Repl.) and as there is no allegation of cancellation of the franchise, the only way plaintiffs could proceed under § 13.1–564 is by alleging that the defendants used undue influence to induce the plaintiffs to surrender rights given to them by the franchise. But Fed.R.Civ.P. 56(e) requires that the plaintiffs do something more than rest upon the mere allegations of their pleadings. In order to defeat a motion for summary judgment, they must set forth specific facts showing that there is a genuine issue for trial or, according to Fed.R.Civ.P. 56(f), why they cannot set forth such facts. Plaintiffs have failed to meet the requirements of the Federal Rules and thus the piecing together by the Court of portions of plaintiffs' complaint cannot serve to defeat defendants' motion for summary judgment.

As plaintiffs are not able to proceed under either Va.Code § 13.1–564 (1978 Repl.) or Va.Code § 13.1–565 (1978 Repl.), and as Va.Code § 13.1–571 (1978 Repl.) gives them no other civil remedies under the Act, plaintiffs allegation in Count XIII of the complaint that defendants failed to deal with them in good faith as required by the Act is a count that must be dismissed pursuant to defendants' motion for summary judgment.

An appropriate order shall issue.