**Vaughan S. NEWCOME, Plaintiff,**

v.

**A. Jack ESREY, and Shearson Lehman Brothers, Inc., Defendants.**

Civ. A. 86–0013–H.

United States District Court, W.D. Virginia, Harrisonburg Division.

April 7, 1987.

George W.R. Glass, Scully, Throckmorton & Glass, Winchester, Va., for plaintiff.

Phillip C. Stone, Gregory T. St. Ours, Wharton, Aldhizer & Weaver, Harrisonburg, Va., Arthur L. Smith, Washington, D.C., Peper, Martin, Jensen, Maichal & Hetlag, for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This is a securities fraud action brought under § 17(a) and § 22 of the Securities Act of 1933, 15 U.S.C. §§ 77q(a), 77v, (1982), § 10(b) and § 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78aa, and Securities Exchange Commission Rule 15 CL–7, 17 C.F.R. 240.15 CL–7. The plaintiff has also brought state law claims under Virginia Code §§ 13.1–502, –522 (1985 & Supp.), and for common law fraud and breach of fiduciary duty.

The plaintiff, Mrs. Vaughan S. Newcome, employed defendant A. Jack Esrey to be her investment advisor and to invest her stock portfolio in shares of common stock. Esrey was a stockbroker and financial consultant employed or associated with defendant Shearson Lehman Brothers, Inc. ("Shearson"). Mrs. Newcome is a widowed housewife with no business or financial expertise, who wanted to invest the inheritance and life insurance proceeds she had received after her husband's death. According to the allegations of the complaint, Mrs. Newcome advised Esrey that the income generated from her stock portfolio was her primary source of income. The plaintiff now alleges that Esrey engaged in a continuous course of overtrading ("churning") her securities, in a manner calculated not to enhance the value of her investments but to generate excessive commissions. Defendant Shearson approved and profited from these transactions, and neither defendant informed plaintiff of the losses and gains in the account, or their tax implications. Mrs. Newcome also alleges the overtrading resulted in tax liabilities out of proportion to the profits earned. In sum, plaintiff alleges defendants defrauded her by virtue of this overtrading, and breached their fiduciary duty to her by failing to manage her account in a prudent manner.

The defendants have moved this court to dismiss plaintiff's claim based on § 17(a) of the Securities Act of 1933 and to compel arbitration of plaintiff's remaining claims. In the alternative, should this court not dismiss plaintiff's § 17(a) claim, defendants have moved to stay all proceedings pending arbitration of the plaintiff's other claims. It is undisputed that on or about October 16, 1981, the plaintiff, Mrs. Vaughan S. Newcome, signed a Customer's Agreement with defendant Shearson at the time her account with the defendants was initiated. The Customer's Agreement is a two-page document consisting of approximately 26

paragraphs. While the type is small, the language of the document is easily understandable and plaintiff has not attacked its validity as a contract of adhesion. The agreement contained a provision requiring arbitration of "any controversy arising out of or relating to [the account], to transactions with [both parties] or to this agreement or the breach thereof, ..." The issue before this court is therefore to determine whether any claims must be dismissed outright, and which, if any, of plaintiff's claims should be transferred into arbitration.

*Plaintiff's Claim Under § 17(a) of the 1933 Act*

■ The defendants have moved to dismiss the plaintiff's claims under § 17(a) of the Securities Act of 1933 since there is some dispute as to whether § 17(a) provides a private cause of action. The circuit courts of appeal are divided on the issue. The United States Supreme Court has not determined whether a private cause of action exists under § 17(a), expressly refusing to rule on the issue. *See e.g., Herman & MacLean v. Huddleston*, 459 U.S. 375, 378 n. 2, 103 S.Ct. 683, 685 n. 2, 74 L.Ed.2d 548 (1983). Over ten years ago the Fourth Circuit Court of Appeals, in *Newman v. Prior*, 518 F.2d 97 (4th Cir.1975), found that § 17(a) did support a private cause of action. As noted in *Newman:*

> Although there is authority to the contrary, this circuit is committed to the rule that § 17(a) supports a private damage claim for the fraudulent sale of a security. *Johns Hopkins University v. Hutton*, 488 F.2d 912 (4th Cir.1973); *cf. J.I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). *See generally* 6 Loss, Securities Regulation 3913 (1969). Therefore, the district court correctly submitted the case to the jury.

*Id.* at 99. The defendants argue that later developments in the law since *Newman* has been decided suggest that this court should review that decision.

Defendants extend this argument because the United States Supreme Court has, in a series of decisions, clarified the analysis to be undertaken when determining whether an implied cause of action exists. *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); *Transamerica Mortgage Advisers, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). The key factor under this analysis is whether Congress intended to create or deny a private remedy.

As defendants correctly point out, the Fourth Circuit in *Newman* did not explicitly apply this analysis in deciding whether § 17(a) gives rise to an implied cause of action. However, this court feels duty bound to follow the example of other district courts in this Circuit and follow the Fourth Circuit's ruling in *Newman* on this issue. *See, e.g., Nunes v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 609 F.Supp. 1055, 1063 (D.Md.1985); *Jacobs v. McCrory*, 1986 Fed.Sec.L.Rep. (CCH) ¶ 92,893 (D.Md. Aug. 26, 1986) [Available on WEST-LAW, DCT database]. *See also Kaufman v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 464 F.Supp. 528, 537 (D.Md. 1978); *Reid v. Madison*, 438 F.Supp. 332–33 (E.D.Va.1977); *Shotto v. Laub*, 632 F.Supp. 516, 528 (D.Md.1986). Although the Supreme Court cases do indicate a trend which might question the continued viability of the *Newman* decision, in the absence of an appropriate Supreme Court decision and given the direct statement of the Fourth Circuit in *Newman*, defendants' motion to dismiss plaintiff's claim asserted under § 17(a) of the 1933 Act must be denied.

*Enforcement of the Agreement to Arbitrate*

■ The Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982) provides that an agreement in writing in a contract to settle by arbitration a controversy arising out of the contract "shall be valid, irrevocable, and enforceable, save upon grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has noted that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the con-

struction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983). *See also Mitsubishi Motors Corp. v. Solar Chrysler Plymouth*, 473 U.S. 614, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). The Supreme Court has also stated that the language of the Federal Arbitration Act leaves no place for the exercise of discretion by a district court but "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (emphasis in original). While this court must generally determine whether there exists an enforceable agreement to arbitrate, the plaintiff herein does not dispute that the agreement is valid. Furthermore, the plain language of the arbitration provision applies to the claims asserted by the plaintiff. This court does not have before it any reasons in law or in equity why, in particular, the state law claims should not be subject to arbitration. As this court discusses *infra*, since all federal claims are subject to arbitration, plaintiff's argument that her state law claims should be retained under the doctrine of pendent jurisdiction is inapplicable. Therefore it is the decision of this court that the arbitration agreement is valid, applicable to the issues herein, and that the plaintiff's state law causes of action are subject to arbitration. The question which now must be addressed is whether the plaintiff's claims asserted in the complaint under federal law are subject to arbitration.

*Arbitration of Claims Asserted Under the 1934 Act*

Defendants assert that the plaintiff's claims under § 10(b) of the 1934 Act should be subject to compelled arbitration, while the plaintiff responds that such agreements are not thus enforceable. In *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the United States Supreme Court held that claims arising under § 12(2) of the 1933 Act were not subject to an arbitration agreement. The Court based its holding on three provisions of the 1933 Act, §§ 12(2), 14, and 22(a), 15 U.S.C. §§ 77*l* (2), 77n, and 77v(a). Although noting the strong policy favoring arbitration under the Federal Arbitration Act, the Court in *Wilko* concluded that waiver of the express cause of action provided under § 12(2), and the companion right to sue in courts under § 22(a), was void under the terms of § 14 of the 1933 Act. 346 U.S. at 434–37, 74 S.Ct. at 186–88.

Before the United States Supreme Court decided *Byrd, supra*, some circuit courts read the *Wilko* decision to preclude arbitration of § 10(b) claims. E.g., *Belke v. Merrill, Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023 (11th Cir.1982). The Fourth Circuit has never ruled on this issue. However, in the *Wilko* case, the plaintiff's cause of action was expressly created by Congress. In *Byrd*, the majority opinion intimated that the reasoning of *Wilko* would not apply to claims under § 10(b) and Rule 10b–5. 470 U.S. at 215, n. 1, 105 S.Ct. at 1240, n. 1. Likewise, the concurrence by Justice White noted that *Wilko* could not be "mechanically transplanted" to the 1934 Act, and had doubts about lower court decisions which did so. 470 U.S. 224–25, 105 S.Ct. at 1244–45. For a clear discussion of the difference between applying the nonwaiver provision of § 14 of the 1933 Act to express causes of action and of applying that section and that of § 29 of the 1934 Act, 15 U.S.C. § 78cc(a), to implied causes of action, see Judge Miller's decision in *Shotto v. Laub*, 632 F.Supp. 516 (D.Md.1986). As noted therein, "the remedy provided under § 10(b) and Rule 10b–5 was created by the courts and is, therefore, 'judicially implied and not so different from the common law action.'" *Shotto, supra*, at 526 (quoting *Byrd*, 470 U.S. at 225, 105 S.Ct. at 1244 (White, J., concurring)). Following this reasoning, it becomes clear that the special nonwaiver provisions found in the Securities Acts should apply only to the express causes of action created by Congress.

Therefore, this court joins other district courts in this circuit and finds that agreements to arbitrate claims under § 10(b) of the Securities Act of 1934 should be enforced. *See, Shotto v. Laub, supra; Jacobs v. McCrory*, 1986 Fed.Sec.L.Rep. (CCH) ¶ 92,893 (D.Md. Aug. 26, 1986); *cf. McMahon v. Shearson/American Express, Inc.*, 788 F.2d 94 (2d Cir.1986), *cert. granted*, —— U.S. ——, 107 S.Ct. 60, 93 L.Ed.2d 20 (1986).

### Arbitration of Claims Asserted Under the 1933 Act

 Likewise, plaintiff's claim asserted under § 17(a) of the 1933 Act is arbitrable. "As with § 10(b) of the 1934 Act, the remedy provided under § 17(a) of the 1933 Act is judicially implied, and is ... similar to a common law cause of action." *Shotto*, 632 F.Supp. at 528. "For this reason ... the nonwaiver provision in § 14 of the 1933 Act is not literally applicable to the cause of action available to plaintiffs under § 17(a) of the 1933 Act." *Id.; see also Jacobs, supra.*

Similar principles are applicable here. Accordingly, this court concludes that plaintiff's claim alleging a violation of § 17(a) of the 1933 Act is subject to compelled arbitration.

An appropriate Order shall this day issue.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

that:

1. Defendants' motion to dismiss the plaintiff's claim asserted under § 17(a) of the Securities Act of 1933 shall be, and it hereby is, denied.

2. Defendants' motion to compel arbitration of all plaintiff's federal claims and of all plaintiff's pendent state law claims shall be, and it hereby is, granted.

3. Plaintiff is hereby directed to participate in the selection of an arbitrator pursuant to the agreement between the parties and is further directed to forthwith arbitrate the dispute at issue in this case.

4. The above-styled action shall be, and it hereby is, dismissed and stricken from the docket of this court.

The clerk is hereby directed to send a certified copy of this Order, and the accompanying Memorandum Opinion, to all counsel of record.