**William F. SHIHADEH, Plaintiff-Appellant,**

v.

**DEAN WITTER REYNOLDS, INC. and Dale E. Holzen, Defendants-Appellees.**

**No. 84–3500.**

United States Court of Appeals, Eleventh Circuit.

July 22, 1985.

---

District of Florida staying proceedings on four counts of the plaintiff's five-count complaint pending arbitration of a fifth claim. We affirm.

Shihadeh, an investor, executed an options trading agreement with Holzen, an account executive employed by Dean Witter Reynolds, Inc. (Dean Witter). After Shihadeh lost substantial sums of money trading in options, he filed suit against Holzen and Dean Witter alleging that Holzen (1) was engaged in "churning," or the fraudulent and willful practice of trading extensively solely to maximize commissions, in violation of 15 U.S.C. § 78j(b); (2) defrauded him through his churning practices, in violation of the Florida Securities Act; (3) intentionally and recklessly violated section 10(b) of the 1934 Securities Exchange Act by making false statements to him and omitting material facts from the advice given him; (4) deliberately breached his fiduciary duty; and (5) was negligent.

Dean Witter and Holzen filed a motion to compel arbitration of the Fifth count, presumably conceding that the first four claims were nonarbitrable. The district court granted the motion and stayed the proceedings on counts one through four pending the outcome of the arbitration of count five. Shihadeh appeals from this order.

Perry Douglas West, Merritt Island, Fla., for plaintiff-appellant.

Stephen D. Milbrath, Drage, deBeaubien, Milbrath & Simmons, Orlando, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, TJOFLAT, Circuit Judge, and SIMPSON, Senior Circuit Judge.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Middle

◼ The threshold issue before us is whether the district court's order is appealable. Under the law of this circuit, we have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(a)(1). *See Coastal Industries, Inc. v. Automatic Steam Products Corp,* 654 F.2d 375, 377 n. 1 (5th Cir. Unit B 1981);[1] *J.S. & H. Construction Co. v. Richmond County Hospital Authority,* 473 F.2d 212, 213 n. 1 (5th Cir.1973).

◼ This circuit has long held that when nonarbitrable federal securities claims are "inextricably intertwined," arbitration should be denied in order to preserve the

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

exclusive jurisdiction of the federal forum. *See Belke v. Merrill Lynch, Pierce, Fenner & Smith,* 693 F.2d 1023, 1026 (11th Cir.1982); *Sibley v. Tandy Corp.,* 543 F.2d 540 (5th Cir.1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). Shihadeh relies on these holdings, contending that the cause of action for negligence under state law is sufficiently related to the federal securities claims to preclude arbitration. Recently, however, in *Dean Witter Reynolds, Inc. v. Byrd,* — U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), the Supreme Court of the United States rejected the "intertwining doctrine." The *Byrd* Court concluded that the Federal Arbitration Act, 9 U.S.C. §§ 1–14, requires district courts to grant a motion to compel arbitration of pendant arbitrable claims even when these counts are combined with federal securities causes of action. Accordingly, the district court's grant of the motion to compel arbitration was proper.

■ On appeal the parties raise for the first time whether the district court properly stayed the proceedings on counts one through four pending the outcome of the arbitration of count five. This issue is not directly decided by *Byrd.* We remand to permit the district court to examine this question in light of *Byrd* as well as our own caselaw including *Raiford v. Buslease,* 745 F.2d 1419 (11th Cir.1984),[2] and also whether, if the original entry of the stay was proper, the court in its discretion should lift the stay. *See* Justice White's statement in his concurring opinion in *Byrd:* "Once it is decided that the two proceedings are to go forward independently, the concern for speedy resolution suggests that neither should be delayed." — U.S. at ——, 105 S.Ct. at 1245. We express no view on this matter but refer it to the district court's attention.

AFFIRMED in part, REMANDED in part.

---

**2.** While the holding in *Buslease* is no longer valid precedent in light of *Byrd,* the opinion

may nevertheless provide some guidance.