**Dorothy J. LAND, Plaintiff,**

v.

**DEAN WITTER REYNOLDS, INC., et al., Defendants.**

**Civ. A. No. 85–0720–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 10, 1985.

Anthony J. Trenga, Sachs, Greenebaum & Tayler, Arlington, Va., for plaintiff.

Sydney F. Rab, Statland, Nerenberg, Nassau, Buckley & Squires, Washington, D.C., for defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This action arises out of an investment contract entered into by Dorothy Land and Dean Witter Reynolds. Plaintiff Dorothy Land has instituted this action against defendant Dean Witter on the following counts: § 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934 (Count 1); § 13.1–502 of the Code of Virginia (Virginia's Blue Sky law) (Count 2); common law fraud, breach of contract, breach of fiduciary duty, and negligence (Counts 3–6). In Count 7, Land also has apparently asserted a claim under 18 U.S.C. 1961 (1985) (hereafter RICO).

This matter comes before the Court on defendants' motion to dismiss the federal and state securities claims as barred by the statute of limitations, or in the alternative, to compel arbitration. The investment contract contained a provision requiring the arbitration of "any controversy ... arising out of or relating to this contract or the breach thereof."

### Statute of Limitations

The defendant argues that plaintiff's suit is barred by the statute of limitations. Although the contract was entered into on October 11, 1982, Land did not file her complaint until June 21, 1985. The applicable statute of limitations for both the § 10(b) and Virginia blue sky claims is the two year limitations period Virginia applies under its blue sky law. *Newman v. Prior*, 518 F.2d 97 (4th Cir.1975). The critical issue, then, is whether Land knew or should have known of the alleged fraud over two years before the complaint was filed.

On the basis of the pleadings, the Court cannot conclude that the suit is barred by the two year limitations period. The facts bearing upon when Land was "put on notice" are in controversy at this point and create an issue which needs to be resolved by the factfinder at trial. Therefore the motion to dismiss on statute of limitations grounds must be denied provisionally.

**54**

*Motion to Compel Arbitration*

■ Next, the defendants urge the Court to stay this action and to compel arbitration of plaintiff's claims. The investment contract signed by both parties clearly states that all controversies are to be referred to arbitration. While Land argues that this clause is part of a contract of adhesion which cannot be enforced against her, the Court disagrees. The clause is not in small print and it has a clear heading of "Arbitration of Controversies." Dean Witter did not obtain Land's signature by fraud or duress, nor is the clause couched in obtuse legal terminology designed to hide its meaning. In keeping with the strong federal policy of enforcing arbitration agreements where possible, the Court concludes that the arbitration clause is enforceable as a matter of law. The state law claims, counts 2–6, are clearly subject to arbitration, and the Court, following *Dean Witter Reynolds, Inc. v. Byrd*, — U.S. —, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), orders the arbitration of these claims.

Dean Witter also urges that the Court compel the arbitration of count 1, the claim grounded upon the 1934 Securities Exchange Act. The Court holds that count 1, based upon an implied right of action in the 1934 Securities Act, is also subject to arbitration and therefore stays further action as to this count.

In *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Court declined to compel the arbitration of a federal securities claim arising out of the 1933 Securities and Exchange Act. In that case the plaintiff's cause of action was *expressly* created by Congress. Before the Court's recent decision in *Byrd*, several circuits had read *Wilko* to prevent the arbitration of *implied* claims based on the 1934 Act. E.g., *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023 (11th Cir.1982). The Fourth Circuit has never ruled on whether federal securities claims could be arbitrated where related state claims were forced into arbitration. The Court notes that the reasoning in *Belke* runs contrary

to concerns of judicial economy and frustrates the rather clear purpose of the arbitration clauses.

In *Byrd*, the Supreme Court majority intimated that the *Wilko* holding would not apply to claims under § 10(b) and Rule 10b–5. 105 S.Ct. 1240 at n. 1. In his concurring opinion, Justice White noted that the reasoning of *Wilko* could not be "mechanically transplanted" to the 1934 Act and expressed "grave doubts" about the continuing validity of lower court decisions which did so. 105 S.Ct. at 1244. Furthermore, the Supreme Court has previously cast some doubt upon the assumption that 1934 Act claims are non-arbitrable. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). Finally, the Court has clearly expressed the strong national policy which favors arbitration. E.g., *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). *See also Raiford v. Merrill, Lynch, Pierce, Fenner & Smith*, Case No. 83–685–A (N.D.Ga., May 16, 1985) (order granting motion to compel arbitration); *Gregory v. Merrill Lynch, Pierce, Fenner & Smith*, Case No. 84–1647 (M.D. Fla., March 9, 1985) (order granting motion to compel arbitration).

■ This Court concludes that federal claims based upon implied rights of action founded in the 1934 Securities and Exchange Act are arbitrable. *Wilco's* solicitude for a cause of action expressly created by Congress is not necessarily appropriate here, where the Court is faced with a judicially implied cause of action that is intimately related to the arbitrable state claim. The Court cannot see where any beneficial purpose would be served by splitting related claims between the courts and the arbitrators. In light of the national policy favoring arbitration, expressed in the Federal Arbitration Act, 9 U.S.C. § 1, and the clear intent of the parties as expressed in the contract, the Court hereby compels arbitra-

tion of Count 1, the federal securities act claim.

■ In addition, the Court also compels arbitration of Count 7, which appears to allege, in very vague and conclusory terms, a RICO violation. After the details of this claim have been fleshed out in arbitration, this count may be referred back to this Court for resolution should the arbitrator determine that this claim is not arbitrable.