Carel W. LEVENDAG and Jewel E. Levendag, Plaintiffs,

v.

Douglas CHURCHILL and E. Thomas Byrd, Defendants.

Carel W. LEVENDAG and Jewel E. Levendag, Plaintiffs,

v.

DEAN WITTER REYNOLDS, INC., Defendant.

Civ. A. Nos. 2:85–0877–1, 2:85–0876–1.

United States District Court, D. South Carolina, Charleston Division.

Dec. 19, 1985.

Morris A. Ellison and Marshall Winn, Buist, Moore, Smythe & McGee, Charleston, S.C., for plaintiffs.

Walter Bilbro and William C. Cleveland, McKay & Guerard, P.A., Charleston, S.C., for defendant Churchill.

H. Brewton Hagood, Rosen, Rosen & Hagood, Charleston, S.C., for defendant Byrd.

William C. Boyd, III, Thomas R. Gottshall and Daryl L. Williams, Boyd, Knowlton, Tate & Finlay, Columbia, S.C., for Dean Witter Reynolds.

ORDER

HAWKINS, District Judge.

This matter is before the court on motions of the defendants Douglas Churchill, E. Thomas Byrd, and Dean Witter Reynolds, Inc., to dismiss for lack of subject matter jurisdiction and failure to state a claim, to compel arbitration, and to stay judicial proceedings. The defendants filed their motions, respectively, on June 10, 1985, May 20, 1985, and September 20, 1985. At the time these motions were filed, the defendants were being sued separately in two different actions; however, the two cases have since been consolidated, thus making a simultaneous ruling on these motions proper at this time.

Oral arguments on these motions were heard on September 24, 1985, at which time the court ruled on the majority of these matters, but took under advisement defendant Byrd's motion to dismiss and all three defendants' motions to compel arbitration and stay proceedings pending arbitration. In addition, it should be noted that Dean Witter's motion to dismiss, or in the alternative to compel arbitration of the plaintiffs' RICO claim, was not argued at that time. Instead, it was agreed that a hearing on this matter would be rescheduled. Therefore, a ruling on this motion will be reserved until such time as oral arguments are heard by this court.

Subsequent to the September 24th hearing, the Honorable Sol Blatt, Jr., United States District Judge, issued an order in a similar case on November 19, 1985, which, if followed by this court, would be dispositive of the issues taken under advisement. *See Blomquist v. Churchill*, Civ. No. 2:85–964–8 (D.S.C., Nov. 19, 1985) (Order). In that order, Judge Blatt denied the defendants' motion to compel arbitration of the plaintiffs' federal securities law claims and granted the motion to compel arbitration of the plaintiffs' remaining state law claims. In addition to these rulings, the court also denied the defendants' motion to stay judicial proceedings pending resolution of the issues sent to arbitration.

In his order the district judge based his rulings on several alternative grounds. The first ground on which Judge Blatt denied the motion to compel arbitration of the federal securities law claims was provided by the authority contained in 17 C.F.R. § 240.15c2–2.[1] In essence, this rule prohibits broker-dealers from using pre-dispute arbitration clauses to compel public customers to arbitrate claims arising under the federal securities laws. *See* 48 Fed. Reg. 53404 (1983). In addition, the court denied this particular motion on the basis of persuasive case law that extends the rationale of *Wilko v. Swan*, 346 U.S. 427,

74 S.Ct. 182, 98 L.Ed. 168 (1953), for denying compulsory arbitration to causes of action arising under the Securities Exchange Act of 1934. *See Dean Witter Reynolds, Inc. v. Byrd*, —— U.S. ——, 105 S.Ct. 1238, 1240, n. 1, 84 L.Ed.2d 158 (1985) (cases cited within footnote).

Conversely, as to the motion to compel arbitration of the remaining state law claims, Judge Blatt relied on the holding in *Byrd* to the effect that pending state-law claims must be sent to arbitration when the parties have entered into an arbitration agreement.

Finally, the denial of the defendants' motion to stay judicial proceedings was based on Justice White's concurring opinion in *Byrd*. In that opinion, Justice White stated that "while the impossibility of the lawyers being in two places at once may require some accommodation in scheduling, it seems to me that the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course." *Byrd*, 105 S.Ct. at 1245 (White, J., concurring).

After reviewing the above-cited authorities, this court finds Judge Blatt's order of November 19, 1985, to be persuasive. Thus, in light of that order, which is attached hereto and made a part of this order, and after consideration of the parties' memoranda, oral arguments and of the applicable law, it is

ORDERED, that defendant E. Thomas Byrd's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim be, and the same is hereby, denied. It is

ORDERED FURTHER, that defendants' motion to compel arbitration be, and the same is hereby, denied as to the plaintiffs' federal securities law claims against defendants Byrd and Churchill which include the first cause of action for violation of § 10(b) and Rule 10b–5 of the 1934 Act, the second cause of action for violation of § 15(c) of the 1934 Act, and the seventh cause of action for violation of § 17(a) of

---

1. It should be noted that the parties to the present action failed to call this rule to this court's attention during oral arguments.

the Securities Act of 1933;[2] and that this motion be, and the same is hereby, granted as to the plaintiffs' remaining state law claims[3] against these two defendants which include the fifth cause of action for negligent misrepresentation, the sixth cause of action for fraud, and the eighth cause of action for violation of § 35-1-1490 of the South Carolina Uniform Securities Act. It is

ORDERED FURTHER, that the defendants' motion to compel arbitration be, and the same is hereby, denied as to the plaintiffs' federal securities law claims against defendant Dean Witter Reynolds, Inc. which include the first cause of action for violation of § 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934, the second cause of action for violation of § 15(c) of the 1934 Act, and the fifth cause of action for violation of § 17(a) of the Securities Act of 1933. It is

ORDERED FURTHER, that defendants' motion to stay these judicial proceedings pending resolution of the issues sent to arbitration be, and the same is hereby, denied.

AND IT IS SO ORDERED.

## APPENDIX

JAN–OLOF BLOMQUIST and VANJA BLOMQUIST, Plaintiffs

v

DOUGLAS CHURCHILL, E. THOMAS BYRD, JR., and DEAN WITTER REYNOLDS, INC., Defendants

Civil Action No. 85-964-8

## ORDER

On October 23, 1985, this matter came before the court for oral argument on de-

fendants' motion to dismiss for failure to state a claim, to compel arbitration, and to stay judicial proceedings. The court ruled at that time on the majority of these matters, but held in abeyance a ruling on a stay of these judicial proceedings and, pending defendants' supplemental briefing, a ruling in the alternative on arbitration of those causes of action that allege violation of the Securities Exchange Act of 1934.[1] After consideration of the parties' memoranda, oral arguments and applicable law, this court rules, for the reasons orally advanced at the hearing of October 23, 1985, and for the reasons stated herein, as follows:

(1) the defendants' motion to dismiss for failure to state a claim is denied as to the plaintiff's second cause of action alleging a violation of § 15(c)(1) of the 1934 Act, denied as to plaintiff's third cause of action for violation of § 17(a) of the Securities Act of 1933,[2] and granted as to plaintiff's fifth cause of action alleging a violation of the South Carolina Unfair Trade Practices Act;

(2) the defendants' motion to compel arbitration is denied as to the plaintiffs' federal securities law claims which include the first cause of action for violation of § 10(b) and Rule 10b-5 of the 1934 Act, the second cause of action for violation of § 15(c)(1) of the 1934 Act and the third cause of action for violation of § 17(a) of the 1933 Act.[3] The motion is granted as to the plaintiff's remaining state law claims which include the sixth cause of action for common law fraud; seventh cause of action for negligent misrepresentation; eighth cause of ac-

---

**2.** The plaintiffs' fourth cause of action in their amended complaints, which alleges violation of § 12(2) of the Securities Act of 1933, is, of course, nonarbitrable, *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), and defendants have not argued to the contrary.

**3.** The plaintiffs' claim under the South Carolina Unfair Trade Practices Act, although inadvertently pled in the amended complaints as a third cause of action, was withdrawn by the plaintiffs during oral arguments. Therefore, this particular state law claim will not be compelled to

arbitration inasmuch as it is no longer a viable cause of action in this lawsuit.

**1.** Hereinafter the 1934 Act.

**2.** Hereinafter the 1933 Act.

**3.** The plaintiff's fourth cause of action for violation of § 12(2) of the 1933 Act is, of course, nonarbitrable, *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), and defendants have not argued to the contrary.

tion for negligence and recklessness; ninth cause of action for breach of contract and tenth cause of action for breach of implied contract; and

(3) the defendants' motion to stay these judicial proceedings pending resolution of the issues sent to arbitration is denied.

During oral argument, the court based its decision to deny arbitration of the causes of action arising under the 1934 Act on the authority of 17 C.F.R. § 240.15c2–2. In essence, this rule prohibits broker-dealers from using predispute arbitration clauses to compel public customers to arbitrate claims arising under the federal securities laws. *See* 48 Fed.Reg. 53404 (1983). The Securities and Exchange Commission's written discussion states that the basis of the rule was the antiwaiver analysis that the United States Supreme Court articulated for the 1933 Act in *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the holding and rationale of which "are equally applicable to cases arising under the 1934 Act." 48 Fed.Reg. 53404 (1983) (quoting *First Heritage Corp. v. Prescott, Ball & Turben,* 710 F.2d 1205, Fed.Sec.L.Rep. (CCH) ¶ 96,328–29 (6th Cir. 1983)).

This court continues to be persuaded that 17 C.F.R. § 240.15c2–2 prohibits the defendants from compelling arbitration in this case under the predispute arbitration clause contained in its agreement with plaintiffs. In the alternative, however, the court denies defendants' motion to compel arbitration on the basis of persuasive case law[4] that extends the rationale of *Wilko, supra,* for denying compulsory arbitration to causes of action arising under the 1934 Act. *See Dean Witter Reynolds Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 1240 n. 1, 84 L.Ed.2d 158 (1985) (cases cited within footnote). While the defendants contend that the *Wilko* analysis should no longer be extended to claims under the 1934 Act in light of Justice White's criticism of that practice in *Byrd, supra,* at 1244–45 (White, J., concurring), this court prefers to await a more definitive statement from a larger following of United States Supreme Court justices or a ruling from the Fourth Circuit before taking a position that would effectively bar plaintiffs from a Congressionally granted right to judicial resolution of alleged federal securities law violations.

This court, however, is in agreement with Justice White concerning denial of a stay:[5] "[w]hile the impossibility of the lawyers being in two places at once may require some accommodation in scheduling, it seems to me that the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course." *Byrd, supra,* at 1245 (White, J., concurring). The defendants' motion for a stay of these judicial proceedings is denied. It is, therefore,

ORDERED, that the defendants' motion to dismiss for failure to state a claim, to compel arbitration and to stay judicial proceedings is denied in part and granted in part in accordance with this order.

AND IT IS SO ORDERED.

/s/ Sol Blatt, Jr.
UNITED STATES
DISTRICT JUDGE

Charleston, South Carolina

November 18, 1985

---

4. Since neither the Fourth Circuit Court of Appeals nor the United States Supreme Court has ruled on this issue, this court must rely on persuasive, rather than binding, precedent.

5. In *Byrd,* the motion was to stay arbitration of the pendant state law claims pending judicial resolution of a federal law claim; here, in contrast, the motion was to stay judicial proceedings pending arbitration of the state law claims.