Sylvia M. GLAVIN, Plaintiff,

v.

PRUDENTIAL–BACHE SECURITIES, INC., a Corporation, Defendant.

Civ. A. No. 2:84–3048–1.

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 20, 1985.

John V. Esposito, Hilton Head Island, S.C., for plaintiff.

Paul A. Dominick, Columbia, S.C., for defendant.

ORDER

HAWKINS, District Judge.

This matter is before the court on motion of the plaintiff to reconsider this court's order dated August 13, 1985, compelling arbitration and staying proceedings pending arbitration. The plaintiff filed her motion on August 26, 1985.

Oral arguments on the plaintiff's motion were heard on September 25, 1985, at which time this motion was taken under advisement. Subsequent to taking this motion under advisement, this court issued an order in similar consolidated cases on December 1, 1985, which is dispositive of the issues before this court. *See Levendag v. Churchill* and *Levendag v. Dean Witter Reynolds, Inc.*, 623 F.Supp. 620 (D.S.C. 1985). That order denied the defendants' motion to compel arbitration of the plaintiffs' federal securities law claims and granted the motion to compel arbitration of the plaintiffs' remaining state law claims. In addition, that order also denied the defendants' motion to stay judicial proceedings

pending resolution of the issues sent to arbitration.

In its order of December 19, 1985, this court based its rulings on several alternative grounds. The first ground on which this court denied the motion to compel arbitration of the federal securities law claims was provided by the authority contained in 17 C.R.R. § 240.15c2–2.[1] In essence, this rule prohibits broker-dealers from using predispute arbitration clauses to compel public customers to arbitrate claims arising under the federal securities laws. *See* 48 Fed.Reg. 53404 (1983). In addition, the court denied this particular motion on the basis of persuasive case law that extends the rationale of *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), for denying compulsory arbitration to causes of action arising under the Securities Exchange Act of 1934. *See Dean Witter Reynolds, Inc. v. Byrd*, —— U.S. ——, 105 S.Ct. 1238, 1240, n. 1, 84 L.Ed.2d 158 (1985) (cases cited within footnote).

Conversely, as to the motion to compel arbitration of the remaining state claims, this court relied on the holding in *Byrd* to the effect that pendent state-law claims must be sent to arbitration when the parties have entered into an arbitration agreement.

Finally, the denial of the defendants' motion to stay judicial proceedings was based on Justice White's concurring opinion in *Byrd*. In that opinion, Justice White stated that "while the impossibility of the lawyers being in two places at once may require some accommodation in scheduling, it seems to me that the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course." *Byrd*, 105 S.Ct. at 1245 (White, J., concurring).

Thus, in view of its order of December 19, 1985, issued in *Levendag*, which is made a part of this order by specific reference, it is this court's opinion that its order of August 13, 1985, should be vacated, and that a new order should be issued in con-

1. It should be noted that the parties to the present action failed to call this rule to this court's attention during oral arguments.

formance with the above-cited authorities. It is, therefore,

ORDERED, that this court's order filed August 26, 1985, be, and the same is hereby, vacated. It is

ORDERED FURTHER, that defendant's motion to compel arbitration be, and the same is hereby, denied as to the plaintiff's federal securities law claims as alleged in the plaintiff's second and third causes of action, and that this motion be, and the same is hereby, granted as to the plaintiff's remaining state law claims as alleged in plaintiff's first, second and third causes of action. It is

ORDERED FURTHER, that defendant's motion to stay these judicial proceedings pending resolution of the issues sent to arbitration be, and the same is hereby, denied.

AND IT IS SO ORDERED.