Roy P. FISHER

v.

**PRUDENTIAL–BACHE SECURITIES, INC., et al.**

Civ. No. Y–86–388.

United States District Court,
D. Maryland.

May 12, 1986.

Lawrence S. Greenwald, Alan Richard Sachs, and Jerrold A. Thrope, Baltimore, Md., counsel for plaintiff.

Maurice R. Dunie, and Patricia E. Connelly, Bethesda, Md., counsel for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff Roy P. Fisher filed this action against his stockbroker, Prudential-Bache Securities, Inc., seeking damages under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (the 1934 Act), Rule 10b–5 promulgated thereunder, 17 C.F.R. 240.10b–5, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Fisher alleges that Prudential-Bache bought 327,-000 shares of stock in Compucare, Inc. from him without disclosing its knowledge of material, non-public information. Shortly after Prudential-Bache made those purchases, Baxter Travenol Laboratories, Inc.

announced plans to acquire Compucare, and the price of Compucare stock doubled.

Defendant has filed a motion to compel arbitration. On August 17, 1984, Fisher signed a contract with Prudential-Bache containing a standard arbitration clause:

14. This contract shall be governed by the laws of the State of New York.... Any controversy arising out of or relating to my account, to transactions with or for me or to this Agreement or or the breach thereof ... shall be settled by arbitration....

At the time Fisher signed the contract, federal Circuit Court of Appeals and District Courts had agreed that such arbitration provisions were unenforceable against plaintiffs bringing claims under the 1934 Act. *See, e.g., Raiford v. Buslease, Inc.,* 745 F.2d 1419 (11th Cir.1984); *Surman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 733 F.2d 59 (8th Cir.1984); *Allegaert v. Perot,* 548 F.2d 432 (2d Cir.1977), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1084; *see also Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1240, 84 L.Ed.2d 158 (1985), and cases cited at n. 1. Those decisions stemmed from the Supreme Court's decision in *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), holding that arbitration agreements were not enforceable against plaintiffs bringing claims under Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2).

In *Dean Witter Reynolds, Inc. v. Byrd, supra,* 105 S.Ct. at 1240, n. 1, the Supreme Court summarized its decision in *Wilko* and wrote:

Years later, in *Scherk v. Alberto Culver Co.,* 417 U.S. 506 [94 S.Ct. 2449, 41 L.Ed.2d 270] (1974), this Court *questioned* the applicability of *Wilko* to a claim arising under § 10(b) of the Securities Exchange Act of 1934, or under Rule 10b–5, because the provisions of the 1933 and 1934 Acts differ, and because, unlike § 12(2) of the 1933 Act, § 10(b) of the 1934 Act does not expressly give rise to a private cause of action. 417 U.S. at 512–

13. *The Court did not, however, hold that Wilko would not apply in the context of a § 10(b) or Rule 10b–5 claim, and Wilko has retained considerable vitality in the lower federal courts.*

(Emphasis added, other citations omitted).

In *Dean Witter* the Court again declined to decide whether arbitration agreements were unenforceable against 1934 Act plaintiffs. But this Court reads the language of footnote one in *Dean Witter* as a strong hint from the Supreme Court that the rationale of *Wilko* does not extend to 1934 Act claims. In a separate concurrence, Justice White emphasized that point by writing that "the contrary holdings of lower courts must be viewed with some doubt." *Dean Witter, supra,* 105 S.Ct. at 1244 (White, J. concurring).

After *Dean Witter,* federal district courts have split on the arbitrability of 1934 Act claims. Some courts have followed "the invitation implicit [in *Byrd* ]," *Finn v. Davis,* 610 F.Supp. 1079, 1082 (S.D. Fla.1985), and have compelled arbitration of 1934 Act claims. *See, e.g., West v. Drexel Burnham Lambert, Inc.,* 623 F.Supp. 26 (W.D.Wash.1985); *Finkle & Ross v. A.G. Becker Paribas, Inc.,* 622 F.Supp. 1505 (S.D.N.Y.1985); *Peele v. Kidder, Peabody & Co., Inc., et al.,* 620 F.Supp. 61 (W.D.Mo. 1985); *Finn v. Davis,* 610 F.Supp. 1079 (S.D.Fla.1985); *Ackerman v. Drexel, Burnam, Labert, Inc.,* No. 84–6739 Civ-Hastings (S.D.Fla. May 14, 1985); *Gregory v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* No. 84–1647 Civ.–T–10 (M.D.Fla. March 9, 1985) [Available on WESTLAW, DCTU database]; *Greenstein v. Finer, Biscayne Corp.,* No. 82–0584 Civ-Hastings (S.D.Fla. May 16, 1985); *Niven v. Dean Witter Reynolds, Inc.,* No. 84–1594 Civ–T–10 (M.D.Fla. March 28, 1985) [Available on WESTLAW, DCTU database]; *Raiford v. Merrill Lynch, Pierce, Fenner & Smith,* Nos. 83–685A, C83–686A (N.D.Ga.1985). *See also Shihadeh v. Dean Witter Reynolds, Inc.,* 766 F.2d 461, 463 n. 2 (11th Cir.1985) (acknowledging that previous contrary holdings were "no longer valid prece-

dent in light of *Byrd;*" remanding case for reconsideration).

Other courts have held that the dicta in *Dean Witter* "does not alter the landscape of precedent that renders Section 10(b) claims non-arbitrable ...." *Leone v. Advest, Inc.,* 624 F.Supp. 297, 302 (S.D.N.Y. 1985). *See, e.g., Leone v. Advest, Inc., supra; Glavin v. Prudential-Bache Securities, Inc.,* 623 F.Supp. 629 (D.S.C.1985); *Levendag v. Dean Witter Reynolds, Inc.,* 623 F.Supp. 620 (D.S.C.1985); *see also* cases cited in plaintiff's memorandum in opposition to motion to dismiss complaint and compel arbitration at page 10, n. 6. District courts in this circuit are split. *Compare Glavin v. Prudential-Bache Securities, Inc.* (no arbitration), and *Levendag v. Dean Witter Reynolds, Inc., supra* (no arbitration), with *Land v. Dean Witter Reynolds, Inc.,* 617 F.Supp. 52 (E.D.Va. 1985) (arbitration).

■ With so many considered opinions written on both sides of the issue, and with thorough briefs from both parties, the Court can add little to the debate save to join one side or the other. Although the Court believes that the differences between the 1933 and 1934 Securities Acts noted by the Supreme Court are truly distinctions without a difference, the Court is convinced that the dicta in *Dean Witter* reflects a determination on the part of the Supreme Court to undermine, and eventually overturn, lower courts precedent extending *Wilko* to 1934 Act claims. The Court suspects that this determination is a result of concerns over the rising number of federal court cases and the explosion of litigation costs, concerns shared by this Court. In addition, the *Dean Witter* decision mandates the arbitration of pendent claims, even if 1934 Act claims remain non-arbitrable, increasing administrative costs and the litigation expenses of the parties.

■ All those practical concerns are, of course, irrelevant in the face of Congressional intent. Because the Supreme Court has indicated that it will interpret the 1934 Act to allow arbitration of 10(b) and 10b–5

claims, the arbitration agreement between Fisher and Prudential-Bache is enforceable.

■ Plaintiff also argues that the Securities and Exchange Commission has defined arbitration clauses like the one at issue here to be deceptive practices, and, therefore, void under the 1934 Act. Seventeen C.F.R. 240.15c2–2 provides:

(a) It shall be a fraudulent, manipulative or deceptive act or practice for a broker or dealer to enter into an agreement with any public customer which purports to bind the customer to the arbitration of future disputes between them arising under the federal securities laws, or to have in effect such an agreement, pursuant to which it effects transactions with or for a customer.

It is clear that the SEC thought such an arbitration agreement was fraudulent and deceptive because of the then-settled case law holding that such agreements were not enforceable against 1934 Act claims. *See* the Commission's explanation for the Rule at 48 Fed.Reg. 53404 (1983). "Rule 15c2–2 merely serves to guarantee that potential plaintiffs receive notice that an agreement to arbitrate does not override existing federal laws limiting the scope of possible litigation; it does not create, nor does it preserve rights to litigate in federal courts." *Finkle and Rose v. 4.G. Becker Paribas, Inc., supra,* 622 F.Supp. at 1510; *but see Levendag v. Dean Witter Reynolds, Inc., supra,* 623 F.Supp. at 622–23.

■ Plaintiff also argues that because the law in force at the time the contract was made foreclosed arbitration of 1934 Act claims, he did not consent to arbitration for any 1934 Act claims he might have. The notion of consent in this context is essentially a legal fiction, because few customers have the expertise or bargaining power to even propose changes in a standard brokerage agreement. Furthermore, the language of the arbitration clause was clear and all-inclusive—if plaintiff was relying on the state of the law at the time he signed the contract, he was not relying on a court construction of ambiguous terms, but on a judicial construction of the 1934

Act overriding the clear language of the contract. In the absence of a Supreme Court opinion directly on point, and in light of the doubts expressed by the Supreme Court in *Scherk v. Alberto-Culver Co., supra,* the law was not settled. And because of the strong federal policy in favor of arbitration embodied in the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." *Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* 460 U.S. 1, 23–24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). *Finkle and Ross, supra,* 622 F.Supp. at 1509–10; *but see Hammerman v. Peacock,* Current Fed.Sec.L. Rep. (CCH) 92,239 (D.D.C.Cir. July 31, 1985).

Accordingly, defendant's motion to compel arbitration must be granted.

ADDENDUM

After the Court had reached its initial conclusion that 1934 Act claims were arbitrable, Judge Miller of this District decided *Shotto v. Laub,* 632 F.Supp. 516 (D.Md. 1986), and reached the same conclusion. Judge Miller's opinion was thorough and well-reasoned, and this Court adopts his opinion whole-heartedly.

Plaintiff asked the Court to hold its opinion until it could respond to Judge Miller's decision, and in the interim a unanimous panel of the Second Circuit stuck to pre-*Byrd* precedent and held that 1934 Act claims were not arbitrable. *McMahon v. Shearson/American Express, Inc.,* 788 F.2d 94 (2d Cir.1986). The *McMahon* court reasoned: "Although *Scherk* and *Byrd* may cast some doubt on whether the Supreme Court, if presented with the issue, would hold claims under § 10(b) and Rule 10b–5 to be non-arbitrable, it would be improvident for us to disregard clear judicial precedent in this Circuit based on mere speculation." At p. 98.

Judicial precedent in this circuit is far less settled. The Fourth Circuit was one of the few Circuits Court of Appeals that had not ruled on the issue prior to *Byrd. See Shotto, supra,* 632 F.Supp. at 526. And

this Court believes its prediction that the Supreme Court will hold 1934 Act claims arbitrable is more than "mere speculation."

In *McMahon,* the Second Circuit also affirmed the district court's holding that RICO claims were not arbitrable. 778 F.2d at 98. Recognizing an exception to the United States Arbitration Act when "strong public policy considerations are involved," the *McMahon* court wrote: "Enforcement of the RICO statute is particularly appropriate in a judicial forum because of strong policy concerns, the need for development of the record, and judicial clarification and resulting consistency in resolving disputes under this relatively new statute."

■ The Second Circuit's reasoning on the arbitrability of RICO claims is entirely persuasive. Interpretation of the Act is unsettled, and the scope of RICO claims make them inappropriate for resolution by arbitration. The Court will stay proceedings on plaintiff's RICO claims pending the outcome of the arbitration on his securities law claims.

ORDER

In accordance with the attached Memorandum, it is this 12th day of May, 1986, by the United States District Court for the District of Maryland, ORDERED:

1. That defendant's motion to compel arbitration BE, and the same IS, hereby GRANTED in part and DENIED in part;

2. That proceedings on plaintiff's RICO claims BE, and the same ARE, hereby STAYED pending arbitration;

3. That this case be closed administratively pending the outcome of arbitration; and

4. That a copy of this Memorandum and Order be mailed to counsel.