831 F.2d 290
 RICO Bus.Disp.Guide 6753
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy P. FISHER, Plaintiff-Appellant,
v.
PRUDENTIAL-BACHE SECURITIES, INC., Defendant-Appellee.
 No. 86-3874.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 8, 1987.
Decided: Sept. 30, 1987.
 
 Lawrence Stephen Greenwald (Alan Richard Sachs, Jerrold A. Thrope, Gordon, Feinblatt, Rothman, Hoffberger & Hollander on brief) for appellant.
 Maurice Robert Dunie (Patricia E. Connelly, Bulman, Dunie, Burke & Feld, Chartered on brief) for appellee.
 D.Md., 635 F.Supp. 234
 AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, District Judge. (CA-86-388).
 Before HARRISON L. WINTER, Chief Judge, SPROUSE, Circuit Judge, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Roy P. Fisher sued his stockbroker, Prudential-Bache, Inc. (Prudential), alleging violations of Sec. 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78, Rule 10b-5 promulgated thereunder, 15 C.F.R. Sec. 240.10b.5, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1961. The contract between the parties contained an agreement to arbitrate "[a]ny controversy arising out of or relating to [Fisher's] account, to transactions with or for [Fisher] or to this Agreement or the breach thereof ..."
 
 
 2
 The district court ordered arbitration of Fisher's security claims and stayed proceedings of his RICO claim. Fisher appealed, and after we heard argument, we stayed decision until the Supreme Court decided Shearson/American Express, Inc. v. McMahon, --- U.S. ---, 55 U.S.L.W. 4757 (June 8, 1987). After the Supreme Court's decision, we obtained supplemental briefs from the parties, and, after considering them, we deem further argument unnecessary. We proceed to a decision of this appeal.
 
 
 3
 We read Shearson/American Express, supra, as mandating affirmance of the district court's order requiring Fisher to submit his securities claim to arbitration ("we hold the McMahons' agreements to arbitrate Exchange Act claims 'enforce[able] ... in accord with the explicit provisions of the Arbitration Act.' Scherk v. Alberto-Culver Co., [417 U.S. 506 (1974) ], at 520." --- U.S. at ---.) We also read Shearson/American Express to mandate entry of an order requiring Fisher to submit his RICO claim to arbitration ("the McMahons 'having made the bargain to arbitrate' will be held to their bargain. Their RICO claim is arbitrable under the terms of the Arbitration Act." --- U.S. at ---.)
 
 
 4
 Finally we reject Fisher's argument that in all events he should be entitled to discovery in the district court even if he is required to arbitrate. We have held in Burton v. Bush, 614 F.2d 389, 390 (4 Cir.1980), that there is no such right. Fisher is not without remedy. Other courts have recognized that arbitrators have the authority under Sec. 7 of the Federal Arbitration Act, 9 U.S.C. Sec. 7, to conduct necessary discovery. See, e.g., Recognition Equipment, Inc. v. NCR Corp., 532 F.Supp. 271 (N.D.Tex.1981).
 
 
 5
 We affirm the order requiring arbitration of the securities claims and reverse the order staying proceedings with respect to the RICO claim. We direct the entry of an order compelling arbitration of the latter.
 
 
 6
 AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.