Allan D. CORS, Plaintiffs,

v.

Robert S. LANGHAM, et al., Defendants and Third–Party Plaintiffs,

v.

VINSON & ELKINS, Third–Party Defendant.

Civ. A. No. 87–955–A.

United States District Court, E.D. Virginia, Alexandria Division.

April 15, 1988.

Lee Calligaro, Daniel E. Johnson, David G. Baldacci, Calligaro & Mutryn, P.C., Washington D.C., Gary W. Lonergan, Alexandria, Va., for plaintiffs.

Richard S. Vermeire, Edward F. O'Keefe, Moye, Giles, O'Keefe, Vermiere & Gorrell, Denver, Colo., Stephen E. Leach, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., for defendants, third-party plaintiffs Langham, Ridgeway Exco, Inc., Ridgeway Exco 1984 Private Program, Ltd. and Taurus Petroleum, Inc.

David G. Fiske, John P. Corrado, Ronald L. Lord, Peter A. Kraus, Hazel, Thomas, Fiske, Beckhorn & Hanes, P.C., Alexandria, Va., for defendant, third-party defendant Vinson & Elkins.

## MEMORANDUM OPINION

BRYAN, Chief Judge.

This securities case involves a limited partnership called "Ridgeway Exco 1984 Private Program, Ltd." (Partnership), which was formed to drill oil and sold as a tax shelter. Shares in the partnership were sold pursuant to a Private Placement Memorandum (PPM) that the plaintiffs allege contained misstatements and omissions of fact that rendered the document misleading. The plaintiffs have brought suit alleging violations of federal securities law and state common law. Further, the complaint alleges violations of the "Blue Sky" laws of Virginia and Maryland in Counts V and VI. The plaintiffs concede that the only reason they assert these state claims is to obtain recovery for attorney's fees.

On April 8, 1988, the court dismissed the claim brought under the Maryland Blue Sky statute because the plaintiffs had alleged in their second amended complaint that the fraudulent actions and misrepresentations complained of occurred in Virginia. At the same time the court reserved ruling on the issue whether the Virginia Securities Act claim was barred by the statute of limitations so that the parties could have an opportunity to brief that issue. The plaintiffs have now moved for reconsideration of the order dismissing their Maryland claims and both sides have provided memoranda on the question of the Virginia statute of limitations.

## I.

### (Maryland Securities Act)

■ Of the five plaintiffs in this case, only one, Allan D. Cors, is a citizen of Virginia. The rest, Robert Calhoun Smith, Jr., Glenn A. Mitchell, Robert R. Raver, and Robert Calhoun Smith are all citizens of Maryland. All of the plaintiffs allege in their complaint that they purchased their interests in the Partnership through a "Virginia-based representative" of the defendants. In their allegations of jurisdiction and venue the plaintiffs unequivocally state: "The fraudulent acts committed by [the defendants] were done and the material misrepresentations and omissions alleged herein were made in Virginia." Second Amended Complaint ¶ 3.

Clearly the plaintiffs have asserted in their pleading that their claim arose in Vir-

ginia. The Maryland plaintiffs had to make such a claim in order for them to bring their claim in this forum, *see* 28 U.S.C. § 1391(a), and the court sees no reason why they should not be held to their allegation. The plaintiffs have referred the court to *Lintz v. Carey Manor Ltd.*, 613 F.Supp. 543 (W.D.Va.1985), where the court ruled that a plaintiff could maintain claims based upon multiple state securities statutes in a single suit. Whatever the merits of the decision in *Lintz*, that case dealt with a conflict of laws problem. In the case before the court the issue is not whether there is a conflict, but whether the complaint states a claim at all. It remains the court's ruling that the language of the complaint simply does not state a claim under Maryland law because the acts complained of all took place in Virginia. The plaintiffs' motion for reconsideration will therefore be denied.

## II.

### (Virginia Securities Act)

■ The complaint alleges that the misrepresentations took place in September of 1984 and that the plaintiffs purchased their interests in the Partnership in November of 1984. The plaintiffs filed this action on September 23, 1987. In Count V of the complaint the plaintiffs assert a claim under Va.Code Ann. § 13.1–522(a)(2) (1985 Repl. Vol.).[1] The statute of limitations for this claim is contained in the same code section and sets the limitation period at two years. Va.Code Ann. § 13.1–522(d). The specific language of the statute states:

> No suit shall be maintained to enforce any liability created under this section unless brought within two years after the transaction upon which it is based....

Va.Code Ann. § 13.1–522(d).

Because the time between the transaction giving rise to the claim and the filing of the suit apparently exceeds that permitted by the Virginia statute, the court raised the issue with counsel at oral argument.

The plaintiffs asserted both at oral argument and in their memorandum that the Virginia Securities Act includes a "discovery rule" in accordance with the law of many other jurisdictions. Other jurisdictions, however, include a discovery rule explicitly in their statutes. *See, e.g.*, Md. Corp. & Ass'ns Code Ann. § 11–703(f)(2)(ii) (1986). The Virginia statute, on the other hand, has apparently taken the deliberate step of providing a hard and fast period of limitations for its Securities law. The statute explicitly states that the suit must be brought "within two years *after the transaction upon which it is based.*" Va.Code Ann. § 13.1–522(d). There is no discovery provision implied by the language of the statute itself. Considering that this statute applies to violations of the registration provisions of the Act, Va.Code Ann. § 13.1–504, as well as those for securities fraud, Va.Code Ann. § 13.1–502, it is not surprising that the General Assembly should decide that the accrual of the cause of action should take place at the time of the underlying transaction. *Cf.* 15 U.S.C. § 77m ("No action shall be maintained ... if the action is to enforce a liability created under section 77*l* of this title, unless brought within one year after the violation upon which it was based...."); *Koenig v. International Dynergy, Inc.*, C/A 87–1380–A (E.D.Va. April 8, 1988) [available on WESTLAW, 1988 WL 58057].

Since there is apparently no Virginia case that construes this statute, definitive guidance on the subject is unavailable. The plaintiffs do, however, refer the court to two cases decided by other members of this court. In the first case, *Land v. Dean Witter Reynolds, Inc.*, 617 F.Supp. 52 (E.D.Va.1985), Judge Williams provisionally denied a motion to dismiss *both* the state and federal securities claims under the statute of limitations. The court was apparently not presented with the issue whether there was a distinction between the federal and state times of accrual. *Id.* at 53. In the second case, *Torado v. E.F. Hutton & Co.*, Blue Sky L.Rep. (CCH)

---

**1.** This section was amended and renumbered in 1987, but the amendments have no impact upon the issues at hand. See Va.Code § 13.1–522 D (1987 Cum.Supp.).

¶ 71,959 (E.D.Va. Jan. 5, 1982), Judge Clark stated that: "Interpreting [section 13.1–522(d)], several courts have determined that the two-year limitations period does not begin to run until the plaintiff discovers or has reason to discover the defendants' wrongful conduct." *Id.* Yet all three cases cited by the court merely stand for the well settled proposition that when federal law borrows a state statute of limitations, federal law will continue to furnish the time that the statute begins to run. *See Newman v. Prior,* 518 F.2d 97, 100 (4th Cir.1975); *Mills v. Roanoke Indus. Loan & Thrift,* 70 F.R.D. 448, 454 (W.D. Va.1975); *Maine v. Leonard,* 353 F.Supp. 968, 971 (W.D.Va.1973). Indeed, all three of these cases explicitly base their decisions on the federal law of accrual and not the state law.

More apposite is Judge Clark's reliance on the general fraud provision of the Virginia statute of limitations, Va.Code Ann. § 8.01–249, which provides:

"The cause of action in the actions herein listed shall be deemed to accrue as follows:

1. In actions for fraud, or mistake ... when such fraud [or] mistake ... is discovered or by the exercise of due diligence reasonably should have been discovered...."

Apparently the court in *Torado* believed that this statute provided another source of support for its belief that the Virginia Blue Sky law already contained a discovery rule similar to the one set forth in the general fraud statute.

Despite the initial attraction of reading § 8.01–249 into the Virginia Securities Act, the court must reject that as a basis for ruling. Section 8.01–249 is a general rule for the accrual of causes of action. General statutes are superceded by those that are specific. *See* Va.Code Ann. § 8.01–228 ("Every action for which a limitation period is prescribed by law must be commenced within the period prescribed by this chapter *unless otherwise specifically provided in this Code.*" (emphasis added)). Va.Code Ann. § 13.1–522 carries its own rule on the accrual of the cause of action and that rule must control here. The court finds that the plain purport of the statute is that civil actions must be brought to enforce violations of the Virginia Securities Act within two years of the underlying transaction. Because the plaintiffs failed to satisfy this requirement, Count V of the complaint will be dismissed.

### ORDER

For the reasons set forth in the memorandum opinion that is filed today, it is hereby

ORDERED

1) That the plaintiffs' motion for reconsideration of the courts order dimissing Count VI of the second amended complaint is denied.

2) That Count V of the second Amended Complaint is dismissed as time barred.