763 So.2d 1099 (1999)
Charles D. ALLEN, Charles D. Beck, Jr., Bruce J. Berg, Sydney C. Bouwer, Leonard Crowley, Eileen Escoto, Walter N. Frank, John E. Garwood, Joy A. Garwood, Garland G. Grant, Evelyn Guitreau, Jeffrey Hazle, Judith Ketterer, Lawrence A. Lange, Elwood Like, Lois Like, Daniel C. Meisinger, Linda P. Nichols, Arthur L. O'Connor, Kenneth M. Renney, Patrick Riley, and Leonard S. Siekmeier, Appellants,
v.
OAKBROOK SECURITIES CORPORATION, an Illinois corporation, Harbour Investments, Inc., a Wisconsin corporation, D.E. Frey & Company, Inc., a Delaware corporation, James Frederick Glaza, Kenneth W. Germain, Frank A. Sebastiano, Nelson Mark Wright, Richard S. Diya, Linda Metaxa, Les B. Goldstein, CFS Investment Trust, an Illinois trust, TIC Participations Trust, a Texas trust, USLC/CFS Participations Trust, an Illinois trust, Barber & Bronson Incorporated, a Florida corporation, Cousins Financial Services, Inc., an Illinois corporation, Cousins Securities Corporation, an Illinois corporation, Dominion Capital Corporation, a Texas corporation, Kittlaus, Inc., an Illinois corporation, Sunpoint Securities, Inc., a Texas corporation, Trident Investment Company, a Texas corporation, WA Financial, Inc., a Texas corporation, Robert Alan Amato, Gregory Allen Andrews, Nicholas James Andrews, Eric Harris Aronson, Eric H. Carlson, William Roy Cousins, Michael Henry Demuth, Gregory Mason Edwards, Tamara Marie Fullerton, Karl L. Kittlaus, Edgar Lewis, Brian Damian O'Toole, Howard Charles Rapp, Mark Schultz and Donald Spinks, Appellees.
No. 98-3390.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
*1100 Philip Mugavero of Silverio & Hall, Miami, and Heather Hanneman and John F. Head of John F. Head, P.C., Denver, Colorado, for appellants.
Robert W. Pearce of Lerner & Pearce, P.A., Fort Lauderdale, for appellee Oakbrook Securities Corporation.
Mark F. Raymond and Daniel S. Newman of Tew, Cardenas, Rebak, Kellogg, Lehman, Demaria & Tague, L.L.P., Miami, and David A. Genelly of Vanasco, Wayne & Genelly, Chicago, Illinois, for appellee Harbour Investments, Inc.
Bruce Botsford and Edward R. Curtis of Curtis & Curtis, P.A., Fort Lauderdale, and Charles F. Brega, Stuart N. Bennett, and Eric B. Liebman of Brega & Winters, P.C., Denver, Colorado, for appellees D.E. Frey & Company, Inc., and James Glaza.
PER CURIAM.
Plaintiffs appeal the trial court's order dismissing their securities fraud and negligent misrepresentation claims against Oakbrook Securities Corporation, Harbour Investments, Inc., D.E. Frey & Co., Inc., and James F. Glaza. We affirm in part and reverse in part.
The security fraud claims are grounded on section 517.301, Florida Statutes, an anti-fraud provision of the Florida Securities and Investor Protection Act a/k/a The Florida Blue Sky Law. The trial court dismissed the claims brought under Chapter 517 because it is undisputed that the sales of the securities involved were not made in Florida. They occurred entirely in other states. Plaintiffs argue that they should be able to invoke Chapter 517, even though the sales occurred in other states, because the securities consisted of stock in *1101 a company which was incorporated in Florida and had its principal place of business in Florida.
The issue as to whether these claims can be brought under Chapter 517 is one of first impression in Florida; however, other courts considering the issue have uniformly rejected applying one state's blue sky law where the sale of the security occurred entirely in another state.
In Singer v. Magnavox Co., 380 A.2d 969 (Del.1977), overruled on other grounds, Weinberger v. UOP, Inc., 457 A.2d 701 (Del.1983), plaintiffs brought a class action alleging violations of the Delaware Securities Act, even though the activity violating the act occurred in another state. The Delaware Supreme Court refused to apply the Delaware Act, stating:
There is, of course, a presumption that a law is not intended to apply outside the territorial jurisdiction of the State in which it is enacted, and that principle is applicable to a Blue Sky Law.
Id. at 981-82 (citations omitted); see also Arizona Corp. Comm'n v. Media Prods., Inc., 158 Ariz. 463, 763 P.2d 527, 531 (Ct.App.1988)(extraterritorial application of a state's blue sky law would violate the Commerce Clause of the United States Constitution); Cors v. Langham, 683 F.Supp. 1056 (E.D.Va.1988)(complaint did not state a claim under Maryland Securities Act because acts complained of took place in Virginia); McCullough v. Leede Oil & Gas, Inc., 617 F.Supp. 384 (W.D.Okla.1985)(Oklahoma Securities Act not applicable to sale conducted in another state).
The trial court dismissed the Chapter 517 claims on the ground that it did not have subject matter jurisdiction. Because the trial court is a court of general jurisdiction, it did have subject matter jurisdiction over these claims. But, because it is undisputed that the securities sales occurred entirely in other states, and because plaintiffs seek only to allege blue sky violations under Chapter 517, Florida Statutes, those claims should have been dismissed for failure to state a cause of action. We therefore affirm the dismissal, but on a different ground.
The trial court also dismissed the negligent misrepresentation claims, stating that it had no subject matter jurisdiction over those claims as well. Because the trial court is a court of general jurisdiction, it had subject matter jurisdiction over the tort claims. White v. Pepsico., Inc., 568 So.2d 886, 888 (Fla.1990). And the court had personal jurisdiction over the defendants. We therefore reverse the dismissal of the negligent misrepresentation claims.
AFFIRMED in part; REVERSED in part; and REMANDED.
GUNTHER, FARMER and KLEIN, JJ., concur.